**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY BAILEY, | No. 15-15944 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-01954-JCM-CWH |
| v. | |
| RICH SUEY, Cpt.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted September 27, 2016[**]

Before:    TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Former Clark County pretrial detainee Anthony Bailey appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action challenging his conditions of confinement. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). We affirm

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

in part, vacate in part, and remand.

The district court properly granted summary judgment on Bailey's claim alleging a denial of outdoor exercise because under any potentially applicable standard Bailey failed to raise a genuine dispute of material fact as to whether he was denied outdoor exercise for a period of time longer than permitted by the Fourteenth Amendment. *See Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (summary judgment is proper if, viewing the evidence in the light most favorable to the non-moving party, there is not "sufficient evidence for a reasonable jury to return a verdict for the non-moving party"); *Frost*, 152 F.3d at 1128 (conditions of confinement claim by pretrial detainee is analyzed under the Fourteenth Amendment Due Process Clause rather than under the Eighth Amendment, but same standards apply); *cf. Castro v. County of Los Angeles*, No. 12-56829, --- F.3d ----, 2016 WL 4268955, at *7 (9th Cir. Aug. 15, 2016) (en banc) (setting forth elements of Fourteenth Amendment failure-to-protect claim by pretrial detainee).

The district court overlooked Bailey's inadequate ventilation claim. Bailey submitted declarations stating that his health suffered because the air filters at the detention center were unclean. Therefore, we conclude that Bailey raised a genuine dispute of material fact as to whether the detention center's ventilation

system harmed his health. *See Keenan v. Hall*, 83 F.3d 1083, 1090 (9th Cir. 1996) ("Inadequate ventilation and air flow violates the Eighth Amendment if it undermines the health of inmates and the sanitation of the penitentiary." (citation and internal quotation marks omitted)).

We decline to affirm summary judgment on Bailey's inadequate ventilation claim on the alternate ground that Bailey failed to exhaust available administrative remedies because defendants failed to present probative evidence that Bailey failed to appeal fully the denial of his grievance. *See Albino v. Baca*, 747 F.3d 1162, 1169-70, 1172 (9th Cir. 2014) (en banc).

Therefore, we affirm the district court's summary judgment on Bailey's outdoor exercise claim, and vacate and remand for further proceedings on Bailey's inadequate ventilation claim. On remand, the district court may consider whether summary judgment on the inadequate ventilation claim for failure to exhaust is appropriate. If necessary, the district court may receive additional evidence on this issue.

The district court properly dismissed Clark County because Bailey failed to allege facts sufficient to show that Clark County was involved in any alleged constitutional deprivation. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must still

present factual allegations sufficient to state a plausible claim for relief); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (setting forth standard of review for dismissal under 28 U.S.C. § 1915A).

The district court did not abuse its discretion in denying Bailey's motion to compel discovery because Bailey failed to meet and confer with defendants and the motion did not set out the text of the requested discovery. *See* Fed. R. Civ. P. 37(a)(1) (motion to compel discovery must include certification that movant has in good faith conferred or attempted to confer with opposing party); D. Nev. R. 26-7(b) (motion to compel discovery must set forth in full the text of the discovery originally sought and any response); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review).

The district court did not abuse its discretion in denying Bailey's Fed. R. Civ. P. 59(e) motion to alter or amend the judgment because the purportedly newly discovered evidence and the new allegations are inconsistent with the allegations in the complaint. *See Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (setting forth standard of review and listing grounds upon which a Rule 59(e) motion may be granted).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

4                                                                                                    15-15944